IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**NOV 1 3 2012**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____DEPUTY

| | |
|---|---|
| MIKE BENAVIDES, VICTORIA BRANNING, WALTER BRANNING, KURTIS BROWN, THOMAS BRYAN, PETE DIDONATO, SUSAN ERWIN, BRYAN FITZPATRICK, CATHERINE GERAC, CAROL PIERCE, COREY RICKETSON, TEMPLE THOMAS, GARY WADHAM, GREGORY WELLER, DANI WINKLER, MICHAEL WRIGHT, GLENN ANDERSON, PAUL ALVAREZ, JANELLE BOONE, MICHAEL BROADWATER, JOHNNIE HALL, ERIC JAKUBAUSKAS, MARK KARONIKA, DAVID LINDSLEY, JASON MARTIN, MARK MONTGOMERY, GLEN WOSKY, MICHAEL WRIGHT, AMELIA ZAPATA, LANDON WILLHOITE, AND EDWARD JOHNS,<br><br>          PLAINTIFFS,<br><br>V.<br><br>CITY OF AUSTIN,<br>          DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CAUSE NO. A-11-CV-438-LY |

## JURY CHARGE

### I. GENERAL INSTRUCTIONS FOR THE JURY

**MEMBERS OF THE JURY:**

You have heard the evidence in this case and in a moment you will hear the arguments of the lawyers for the parties, but first, I will instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the lawyers will have an opportunity to make their closing arguments. Statements and arguments of the lawyers are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

You will be given questions to answer concerning the issues in this case. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

## A. CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

In determining whether any fact has been proved in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

You are the sole judges of the credibility or believability of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say and how important that testimony was. In making that decision, and in determining the weight to give to the testimony of a witness, I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the

witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few considerations that may help you determine the accuracy of what each witness said.

## B. EVIDENCE IN THE CASE

If a lawyer asked a witness a question that contained an assertion of fact, you may not consider the lawyer's assertion as evidence of that fact. The lawyers' statements are not evidence. When, however, the lawyers on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

Unless you are otherwise instructed, the evidence in this case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, any evidence ordered stricken by the Court, and any testimony, exhibit, or conduct that the Court has instructed you to disregard must not be considered by you and must not be used for any purpose in reaching your verdict.

## C. EVIDENCE FOR A LIMITED PURPOSE

During the course of this trial I may have instructed you that I admitted certain evidence for a limited purpose or that you may consider some testimony as evidence against one party but not against another or for a certain purpose and not for others.  You may consider such evidence only for the specific limited purpose for which it was admitted.

## D. IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something or failed to say or do something, that was different from the testimony the witness gave at this trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

### E. BURDEN OF PROOF

In this case, the parties agree that Plaintiffs have stated an overtime claim under the Fair Labor Standards Act (FLSA).  However, Defendant the City of Austin (City) claims Plaintiffs are not entitled to overtime pay, because Plaintiffs perform the type of work that is exempt from the FLSA.  Accordingly, the City must prove every essential element of its claim that Plaintiffs are exempt by a "preponderance of the evidence."  The preponderance-of-the-evidence standard means that a party has to produce evidence that, when considered in light of all of the facts, leads you to believe that what that party alleges is more likely true than not.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely true than not true.  It is simply, the greater weight of the credible evidence.

In determining whether any fact has been proved by a preponderance of the evidence in this case, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the City's claimed exemption by the standard set forth in the question your are answering, you should answer the question in the negative.

## F. EXPERT WITNESS

You have heard testimony from Karen Dulaney Smith, offered by the City as an expert witness. When knowledge of a technical matter may be helpful to the jury, a witness who has special experience or training is permitted to testify and state an opinion concerning such technical matters. Merely because an expert witness has expressed an opinion does not mean you must accept the opinion. As with any other witness, it is up to you to determine the credibility or believability of the expert witness and the weight to be given the expert's testimony. You may decide to rely on the expert's testimony or to disregard that testimony completely.

## II. SPECIFIC INSTRUCTIONS

### A. UNCONTESTED FACTS

It is not contested or disputed that the following facts and events occurred in this case. This means both sides agree to these facts. You must therefore treat the following facts as having been proved.

1. The relevant period as used herein is April 26, 2009, and continuing thereafter.

2. All of the Plaintiffs are current or former employees of the City.

3. The City has been governed during the relevant time period by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

4. Except for Peter DiDonato, Gary Wadham, and Glenn Anderson, each of the Plaintiffs is or was for some part of the relevant period employed by the City as a Field Commander or Operations Supervisor in the Austin-Travis County Emergency Medical Services Department.

5. The workweek for Plaintiffs during the relevant period is a seven-day workweek commencing on Sunday at 7:00 a.m. and concluding the following Sunday at 6:59 a.m.

6. Each of the Plaintiffs who served as a Field Commander during the relevant period was scheduled to work and did work more than 40 hours per week during some or all weeks during that time.

7. The City does not pay Plaintiffs one and one-half times their regular rate of pay for hours in excess of 40 worked each week during the relevant period.

8. Each of the Plaintiffs earned more than $455 per week during the relevant period.

9. Each of the Plaintiffs, during the time that Plaintiff served as a Field Commander, customarily and regularly directed the work of two or more employees.

10

10.  All uniformed employees of the Austin-Travis County EMS Department except the Director are required to maintain State EMT-Paramedic certification.

11.  The Court also read the following request for admission into evidence:

City of Austin's Request for Admission:  Admit that you earn or earned at least $455 per week in salary from your employment as an Operations Supervisor or District Commander with the City of Austin between April 27, 2009 and the present.

Plaintiffs' Response:  Plaintiffs admit this request.

## III.  CLAIMS AND CAUSES OF ACTION

This case arises under the FLSA, a federal law that provides for the payment of time-and-a-half overtime pay.  Plaintiffs claim that the City did not pay them the legally required overtime pay.

The parties agree that Plaintiffs have stated an overtime claim under the FLSA.  However, the City claims that Plaintiffs are not entitled to overtime pay because they perform the type of work that is exempt from the FLSA.  The City claims that Plaintiffs who are "Field Commanders" are exempt under the administrative exemption, the executive exemption, or a combination of the two. The City contends that Plaintiff Scott Lindsley is exempt under the administrative exemption only. The requirements for those exemptions are described below.

### A.  Executive Exemption.

To receive the benefit of the executive exemption, the City must prove by a preponderance of the evidence that each Plaintiff for whom the exemption is claimed is a person:

1.  who is compensated on a salary basis at a rate of not less than $455 per week;

2.  whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

3.  who customarily and regularly directs the work of two or more other employees; and

4.   who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

The parties agree that the Plaintiffs, who are Field Commanders, regularly direct the work of two or more other employees and are paid more than $455 per week, but dispute whether other requirements for application of the exemption are met.

## B. Administrative Exemption.

To receive the benefit of the administrative exemption, the City must prove by a preponderance of the evidence that each Plaintiff for whom the exemption is claimed is a person:

1. who is compensated on a salary basis at a rate of not less than $455 per week;

2. whose primary duty is the performance of office or nonmanual work directly related to the management or general business operations of the employer or the employer's customers; and

3. whose primary duty includes the exercise of discretion and independent judgment with respect to matter of significance.

The parties agree that the Plaintiffs are paid more than $455 per week, but dispute whether other elements of the exemption apply to Field Commanders or Plaintiff Scott Lindsley.

## C. Combination Exemption.

Employees who perform a combination of exempt duties for executive and administrative employees may qualify for exemption. Thus, for example, an employee whose primary duty involves a combination of exempt administrative and exempt executive work may qualify for exemption. In other words, work that is exempt under one exemption will not defeat a separate exemption.

## IV. ADDITIONAL INSTRUCTIONS

The following additional instructions should guide you in applying the requirements for the executive and administrative exemptions:

### A. Salary Basis

This term is used in Element One of both the Executive and Administrative Exemptions.

You are instructed that, generally, an employee will be considered to be paid on a "salary basis" if the employee regularly receives each pay period, on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions stated below, an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. However, deductions from pay may be made:

1. when an exempt employee is absent from work for one or more full days for personal reasons, other than sickness or disability;

2. for absences of one or more full days occasioned by sickness or disability (including work-related accidents), if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation for loss of salary occasioned by such sickness or disability; and

3. when an exempt employee takes unpaid leave under the Family and Medical Leave Act. Although an employer cannot make deductions from pay for absences of an exempt employee occasioned by temporary military leave, the employer can offset any amounts received by an

14

employee as military pay for a particular week against the salary due for that particular week without loss of the exemption.

Public employees who otherwise meet the "salary basis" requirements are not disqualified from exemption on the basis that they are paid according to a pay system established by statute, ordinance, or regulation, or by a policy or practice established pursuant to principles of public accountability under which the employee accrues personal leave and sick leave and which requires the employee's pay to be reduced or such employee to be placed on leave without pay for absences for personal reasons or because of illness or injury of less than one workday, when accrued leave is not used by an employee, because: (1) permission for its use has not been sought or has been sought and denied; (2) accrued leave has been exhausted; or (3) the employee chooses to use leave without pay.

An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary-basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis.

## B. Primary Duty

This term appears in Element Two of the Executive Exemption and Elements Two and Three of the Administrative Exemption.

You are instructed that the term "primary duty" means the principal, main, major, or most important duty that the employee performs. An employee's primary duty is what the employee does that is of principal value to the employer, not the collateral tasks that the employee may also perform. Determination of an employee's primary duty must be based on all the facts in a particular case, with

the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to:

1. the relative importance of the exempt duties as compared with other types of duties;

2. the amount of time spent performing exempt work;

3. the employee's relative freedom from direct supervision; and

4. the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work may be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50% of their time performing exempt work will generally satisfy the primary-duty requirement. Time alone, however, is not the sole test, and nothing requires that an exempt employee spend more than 50% of the employee's time performing exempt work. An employee who spends less than 50% of the employee's time performing exempt duties may nonetheless meet the primary-duty requirement if the other factors support such a conclusion.

### C. Management

<u>This term appears in Element Two of the Executive Exemption</u>.

You are instructed that generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances;

disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

### D. Work Directly Related to Management or General Business Operations

This term appears in Element Two of the Administrative Exemption.

You are instructed that to perform work "directly related to the management or general business operations" of Austin-Travis County Emergency Medical Service or its customers, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by an employee who also would qualify for another exemption.

### E. Particular Weight

This term appears in Element Four of the Executive Exemption.

You are instructed that the factors to be considered in determining whether an employee's suggestions and recommendations are given "particular weight" include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a coworker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

### F. Exercise of Discretion and Independent Judgment

This term appears in Element Three of the Administrative Exemption.

You are instructed that in general, the "exercise of discretion and independent judgment" involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include but are not limited to: whether

the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that an employee has authority to make an independent choice, free from immediate direction or supervision. However, the employee may exercise discretion and independent judgment even if the employee's decision or recommendation is reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that a decision made by an employee has a finality that goes with unlimited authority and a complete absence of review. The decision made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decision is revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

19

### G. Emergencies.

You are instructed that an exempt employee will not lose the exemption by performing work of a normally nonexempt nature because of the existence of an emergency. Thus, when emergencies arise that threaten the safety of employees, a cessation of operations or serious damage to the employer's property, any work performed in an effort to prevent such results is considered exempt work. An "emergency" does not include occurrences that are within the employer's control or for which the employer can reasonably provide in the normal course of business. Emergencies generally occur only rarely, and are events that the employer cannot reasonably anticipate. The following examples illustrate the distinction between emergency work considered exempt work and routine work that is not exempt work: (1) assisting nonexempt employees with their work during periods of heavy workload or to handle rush orders is not exempt work; (2) replacing a nonexempt employee during the first day or partial day of an illness may be considered exempt emergency work depending on factors such as the size of the establishment and of the executive's department, the nature of the industry, the consequences that would flow from the failure to replace the ailing employee immediately, and the feasibility of filling the employee's place promptly.

### H. Concurrent Duties.

You are instructed that concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements for exemption are otherwise met. Whether an employee meets these requirements when the employee performs concurrent duties is determined on a case-by-case basis and based on the primary-duty test as defined in this charge. Generally, exempt executives make the decision regarding when to perform

nonexempt duties and remain responsible for the success or failure of business operations under their management while performing the nonexempt work. In contrast, the nonexempt employee generally is directed by a supervisor to perform the exempt work or performs the exempt work for defined time periods. An employee whose primary duty is ordinary production work or routine, recurrent or repetitive tasks cannot qualify for exemption as an executive.

## I. First Responders.

You are instructed that the executive and administrative exemptions do not apply to paramedics, emergency medical technicians, ambulance personnel, rescue workers, and similar employees, regardless of rank or pay level, who perform work such as rescuing fire, crime, or accident victims or similar work. Such employees do not qualify as executives because their primary duty is not management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof. Thus, for example, an EMS employee whose primary duty is emergency medical care is not exempt from the FLSA merely because the employee also directs the work of other employees in the conduct of providing emergency medical care. First responders do not qualify as exempt administrative employees because their primary duty is not the performance of work directly related to the management or general business operations of the employer or the employer's customers.

First responders are exempt executive or administrative employees only if, in addition to satisfying the other requirements of the exemptions, their primary duty is performing the kinds of tasks that are managerial tasks such as evaluating personnel performance; enforcing and imposing penalties for violations of rules and regulations; making recommendations as to hiring, promotion,

discipline, or termination; coordinating and implementing training programs; maintaining payroll and personnel records; handling community complaints; preparing budgets and controlling expenditures; ensuring operational readiness through supervision and inspection of personnel, equipment and quarters; deciding how and where to allocate personnel; managing the distribution of equipment; maintaining inventory of property and supplies; and directing operations at crime, fire or accident scenes, including deciding whether additional personnel or equipment is needed. Exempt executives or administrative employees usually are not dispatched to calls to perform emergency medical care, but rather have discretion to determine whether and where their assistance is needed.

## V. CLOSING INSTRUCTIONS

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Do not let bias, prejudice, or sympathy play any part in your deliberations.  Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.  If there is publicity about this trial, you must ignore it.  Do not read anything or listen to any TV or radio programs about the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This concludes my instructions on the law in this case.  You will now hear the lawyers' closing arguments.  You will then retire to the jury room to deliberate on your verdict.  You may take this charge with you as well as any exhibits which the Court has admitted into evidence.  You should first select a Presiding Juror or Foreman and then begin your deliberations.  If you recess during your deliberations, you must follow the instructions the Court has previously given concerning your

conduct during the trial.  Your duty is to fill in the form answering the jury questions to reflect your unanimous verdict.  Your Presiding Juror must then sign the form.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the Court Security Officer, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the lawyers your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Submitted the _13th_ day of November, 2012, at _11:32_ o'clock _a_ .m.

_____

LEE YEAKEL
UNITED STATES DISTRICT JUDGE