FILED

2014 JAN -3 PM 2: 04

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KKV
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MIKE BENAVIDES, VICTORIA §
BRANNING, WALTER BRANNING, §
KURTIS BROWN, THOMAS BRYAN, §
PETE DIDONATO, SUSAN ERWIN, §
BRYAN FITZPATRICK, CATHERINE §
GERAC, CAROL PIERCE, COREY §
RICKETSON, TEMPLE THOMAS, §
GARY WADHAM, GREGORY WELLER, §
DANI WINKLER, MICHAEL WRIGHT, §
GLENN ANDERSON, PAUL ALVAREZ, §
JANELLE BOONE, MICHAEL §
BROADWATER, JOHNNIE HALL, §
ERIC JAKUBAUSKAS, MARK §
KARONIKA, DAVID LINDSLEY, §
JASON MARTIN, MARK §
MONTGOMERY, GLEN WOSKY, §
MICHAEL WRIGHT, AMELIA ZAPATA, §
LANDON WILLHOITE, AND EDWARD §
JOHNS, §
        PLAINTIFFS, §
 §
V. §    CAUSE NO. A-11-CV-438-LY
 §
CITY OF AUSTIN, §
        DEFENDANT. §

## FINDING OF FACT AND CONCLUSIONS OF LAW
## AFTER BENCH TRIAL ON DAMAGES

This court conducted a jury trial on the liability phase of the above-styled action from November 5 through November 13, 2012. *See Benavides, et al, v. City of Austin*, A-11-CV-438-LY (W.D. Tex. Oct. 25, 2012) (order granting parties' Joint Motion to Bifurcate). On November 15, 2012 the jury returned a verdict as to seven questions. The issues before the jury were related to whether Plaintiffs are exempt executives or administrators under the Fair Labor Standards Act ("the Act"). After considering the parties' post-verdict motions, the court adopted the jury's finding that: (1) Plaintiffs are not paid on a salary basis; (2) Plaintiffs' primary duties are managerial.

administrative, or a combination of the two; (3) the Field Commanders have the authority to make suggestions as to hiring, firing, and promotion that are given particular weight; and (4) all Plaintiffs' primary duties include the exercise of discretion and independent judgment with respect to matters of significance. *See Benavides, et al, v. City of Austin*, A-11-CV-438-LY, 2013 WL 3197636 (W.D. Tex. June 20, 2013).

On November 21, 2013, the court held a bench trial on the damages issues remaining in the case. Now before the court are (1) issues relating to the determination of the specific period for which backpay is owed to Plaintiffs due to the City's failure to compensate for overtime, and (2) whether and to what extent Plaintiffs are entitled to liquidated damages as defined by the Act. Having considered the parties' briefs, responses, related filings, the entire case file, evidence adduced at both the jury and bench trials, and the governing law, the court is of the opinion that the City of Austin is liable to the Plaintiffs for failure to pay overtime compensation consistent with the Act, and that Plaintiffs are entitled to damages as set forth herein.

## I. Analysis

### A. *Damages Period*

The Act requires employers to compensate covered employees at one and one-half times the regular rate for hours worked in excess of 40 hours during a seven-day workweek. *Allen v. McWane, Inc.*, 593 F.3d 449, 453 (5th Cir. 2010) (citing 29 U.S.C. § 207(a)). However, the Act exempts those employees working in a *bona fide* executive or administrative capacity. *Cheatam v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006) (citing 29 U.S.C. § 213(a)(1)). Whether an employee is exempt under the Act is primarily a question of fact, but the ultimate decision on exemption is a question of law for the court to decide. *Id; Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d 326, 331 (5th

Cir. 2000). Exemptions are construed narrowly, and the burden of proof lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

The regulations governing the executive exemption provide that an employee is employed in a "bona fide executive capacity" if the employee: (1) is "compensated on a salary basis at a rate of not less than $455 per week"; (2) has the "primary duty" of "management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof"; (3) "customarily and regularly directs the work of two or more other employees"; and (4) either "has the authority to hire or fire other employees" or the employee's "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a).

An employee falls within the administrative exemption if: (1) the employee is "compensated on a salary basis at a rate of not less than $455 per week"; (2) the employee has the "primary duty" of "the performance of officer or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) that "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." *Id.* § 541.200(a).

Because Plaintiffs are not paid on a salary basis, the City is liable under the Act for failure to pay overtime. *See Vela,* 276 F.3d at 666. Plaintiffs do not fall under either the executive or administrative exemption. The court thus concludes that Plaintiffs are not exempt employees. All that remains is determining the appropriate time period for which the City must compensate the Plaintiffs for backpay.

The City argues that federal regulations render it liable, at most, for overtime backpay only during the 10 pay periods where "improper" deductions were made from certain Plaintiffs' salaries. *See* 29 C.F.R. § 541.603. Section 541.603 addresses the effect of improper deductions from salary, losing an exemption on a class of employees during the time period when improper deductions are made and the result of an employer's "actual practice" of making improper deductions.

The City errs in its argument that the regulation applies to limit the period of backpay damages in this case. Section 541.603 defines situations where the employer's payroll deductions result in a loss in the exemption status of what would otherwise be classified as an exempt employee. To apply this section presumes that the class of employee in question is otherwise exempt. Plaintiffs are not exempt employees under the Act's basic test for executive or administrative exemption because they are not compensated on a salary basis. Thus, there is no exemption for the City to lose due to improper deductions made during certain pay periods. The occurrence of the City's improper payroll deductions bears no relation to the period of liability during which backpay is owed to Plaintiffs.

The City argues, in the alternative, that changes to its EMS policies and procedures effected in March and September 2013 have resolved issues of improper classification and compensation of its exempt and nonexempt employees. The City asserts that improper deductions from exempt employees' paychecks have been eliminated. The City reasons that the applicable damages period should terminate at the adoption dates of its new payroll policies, March 13 or September 19, 2013.[1]

---

[1] Although not asserted in its briefing, the City argued at the November 21 bench trial that it instituted an additional payroll policy change in October 2013. The City urges that this change further addresses exempt and nonexempt payroll practices and should also be considered, in the alternative, to limit the damages period.

There is evidence that at least one Plaintiff had his paycheck docked in September 2013 because he did not work the requisite number of pay-status hours during a shift. Moreover, though he was promised reimbursement for the payroll "error," the Plaintiff had not received it as of November 21, 2013. Although the City claims that it has resolved the payroll and policy issues that support a finding of liability under the Act, the City was unable to effectively rebut evidence to the contrary. The City provides the court with insufficient evidence to show that the City's policy changes have had any remedial effect on the underlying issues that led to the filing of this lawsuit and the jury's eventual finding. The City concedes in its responsive brief that "Plaintiffs are entitled to backpay only for so long as the City is failing to pay them on a salary basis." However, the City fails to show that, since the date of the jury's finding of liability, Plaintiffs are now actually paid on a salary basis resulting from the adoption of a new human-resources policy. The court concludes that Plaintiffs are entitled to backpay from April 26, 2009 through the date of final judgment.[2]

## B.    *Liquidated Damages*

The Act provides that an employer who violates the Act's overtime provision may be liable to its employees in an additional amount, equal to the unpaid compensation, as liquidated damages. *See* 29 U.S.C. § 216(b). Importantly, the liquidated damages provision "is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 707 (1945) (citation omitted). Under the Act, liquidated damages must be

---

[2]     The court previously ordered that Plaintiffs would take nothing on claims accruing before April 26, 2009 for a nonwillful violation of the Act. *See Benavides, et al, v. City of Austin,* A-11-CV-438-LY (W.D. Tex. July 6, 2012) (order granting partial summary judgment).

awarded unless the employer demonstrates that it acted reasonably and in good faith. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999). Even if good faith and reasonable action is found, the court retains discretion to award any amount of liquidated damages, up to the amount of the damages. *See Id; see also* 29 U.S.C. § 260.

The City argues that it acted with good faith and reasonableness because "(1) the City took affirmative steps to investigate its pay practices; (2) a reasonable interpretation of the regulations allowed for the deductions it took; and (3) the City did not conceal its pay practices from the Plaintiffs." The City claims it has established a pattern of attempting, in good faith, to determine the proper classification and pay scheme for the Plaintiffs. Plaintiffs argue that the City did not follow through appropriately in determining the proper classification of its employees once notified of employee complaints, demonstrating the City's lack of good faith and reasonableness.

Ample evidence establishes that the City investigated Plaintiffs' complaints and attempted to properly classify Plaintiffs. The jury concluded that the Plaintiffs performed job duties consistent with executive and administrative exemptions. Not only were the City's attempts at classification *de facto* reasonable, the investigation and research that went into the classification were performed in good faith and in an attempt to follow the law. That the City failed to pay Plaintiffs on a salary basis is not enough, on its own, to defeat the showing of the City's good faith attempts to comply with the Act. The court concludes that the City acted reasonably and in good faith in attempting to determine the proper classification and compensation scheme applicable to Plaintiffs, consistent with the Act.

However, Plaintiffs also claim that the City did not take proper steps to ensure that they were paid on a salary basis. The focus of Plaintiffs' original complaint to the City was based upon seeking proper job classification under the "first responder regulation." There is no evidence that Plaintiffs raised issues relating to salary-basis pay until late in the litigation. The court finds it reasonable that pay basis was not a focus of the City's investigation into Plaintiffs' initial complaints and attempts at proper classification. Still, despite efforts at proper classification, the City has not paid Plaintiffs the overtime compensation they are due for over four years. Moreover, despite arguments to the contrary about newly instituted policies, the City appears from time to time to still make deductions from pay consistent with an hourly-basis pay scheme. The City urges that these instances are sporadic and inadvertent errors that are corrected when called to the City's attention. However, the City's system tracks employee activity on an hourly basis. So doing obligates the City to exercise the degree of care necessary to ensure that employees claimed by the City as exempt are paid strictly on a salary basis. That is the City's burden. The evidence reflects that the City's practice of tracking by hours extends back to at least April 29, 2009, the date from which Plaintiffs' damages began to accrue. It is unclear from the record whether each and every calculation "error" has been or even can be identified with certainty. The court concludes that Plaintiffs have made an adequate showing of "damages too obscure and difficult of proof" that make and award of liquidated damages appropriate. *Brooklyn Sav. Bank*, 324 U.S. at 707.

## V.  Conclusion

After careful consideration of the entirety of the evidence in this case, the arguments of counsel, and the applicable statutory and case law, the court concludes that the Defendant City of Austin violated the Fair Labor Standards Act by failing to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked over 40 in a work week.  The court further concludes that the correct period for determining backpay damages is April 26, 2009 through the date of the final judgment in this case.  The court finally concludes that an award of 10 percent of the amount of final backpay damages is an adequate and appropriate award of liquidated damages on account of the City's failure to correctly compensate for overtime.  Therefore,

**IT IS ORDERED** that parties shall submit to the court, no later than January 31, 2014, an agreed stipulation of the total amount of backpay owed to all Plaintiffs in the amount of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week from April 26, 2009, to the present.

SIGNED this _3rd_ day of January, 2014.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

8