UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIKE BENAVIDES, et al. | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | Civil No. 1:11-CV-438-LY |
| | § | |
| CITY OF AUSTIN | § | |
|     Defendant | § | |

**PLAINTIFFS' *OPPOSED* MOTION FOR ATTORNEY FEES AND *UNOPPOSED* MOTION FOR ENTRY OF ORDER UNDER FRCP 58(e)**

TO THE HONORABLE LEE YEAKEL, DISTRICT COURT JUDGE:

COME NOW MIKE BENAVIDES, ET AL., Plaintiffs, and, pursuant to Federal Rule of Civil Procedure ("FRCivP") 54(d)(2) and Local Rule CV-7(j), respectfully file their motion for attorney fees and would respectfully show the Court as follows:

**PROCEDURAL BACKGROUND**

Plaintiffs sued the City of Austin under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*., claiming that the City misclassified them as "exempt" under the Act and failed to pay them overtime compensation for time worked over 40 hours per week. (See 3rd Am. Complt., Doc. No. 85). The Court bifurcated the trial into liability and damages stages. (See Doc. No. 89). After trial on liability, the jury returned a verdict for Plaintiffs. (See Doc. No. 125). The Court entered partial judgment on liability on the basis of the jury's verdict. (See Doc. No. 131). The Court held a hearing on damages and related issues, and subsequently entered Findings of Fact and Conclusions of Law (See Doc. No. 159). The Court entered final judgment for the Plaintiffs on February 6, 2014, awarding Plaintiffs backpay damages, liquidated damages equal to 10% of the backpay amount, and costs. (See Doc. No. 161).

**LEGAL BASIS FOR AWARD OF ATTORNEY FEES, COSTS AND EXPENSES**

The FLSA mandates an award of "reasonable" fees to a prevailing plaintiff. *See* 29 U.S.C. §216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Tyler v. Union Oil Co*., 304 F.3d 379, 404 (5th Cir 2002). The Court's award of attorney fees is reviewed for abuse of discretion and underlying factual findings for clear error. *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004).

The lodestar method is generally the appropriate approach. *Id*.; *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 909 (W.D. Tex. 2003). That approach requires multiplication of the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Thereafter, the Court determines whether the amount should be raised or lowered in consideration of the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 788 F.2d 714, 717-719 (5th Cir. 1974). *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The twelve factors are as follows:

(1) the time and labor required for the litigation;
(2) the novelty and difficulty of the questions presented;
(3) the skill required to perform the legal services properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the result obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Hensley,* 461 U.S. at 434.

The degree of plaintiffs' success is "[t]he most critical factor." *Id*. at 436. Full fees can be appropriate even if plaintiffs recovered only a portion of the relief sought. *Singer*, 324 F.3d at 829-30. Indeed, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Black Heritage Society v. City of Houston*, No. H-07-0052, 2008 WL 2769790 at *6 (S.D. Tex. 2008) (quoting *Hensley,* 461 U.S. at 435).

Costs recoverable under the FLSA are as defined by 28 U.S.C. § 1920. *Singer*, 292 F. Supp. 2d. 913. Additionally, successful plaintiffs can be awarded other out-of-pocket expenses they have reasonably incurred in an FLSA action that are not enumerated in 28 U.S.C. § 1920. *See Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 709 (E.D. La. 2009) (citing cases for the propositions that "[u]nder the FLSA, costs include reasonable out-of-pocket expenses" and that "when a statute expressly authorizes attorneys' fees, as in the FLSA, the court is not limited to the costs available under Rule 54(d)"). Expenses for goods and services that were "necessarily obtained for use in the case" are recoverable. *Id*. 709 (*citing Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991)).

### ATTORNEY FEES, COSTS AND EXPENSES CLAIMED IN THIS CASE

The Plaintiffs' application for attorney fees and costs in this case is supported by an affidavit from Craig Deats, lead attorney for Plaintiffs, as well as reports of hours expended and costs incurred. **The attorney fees claimed total $361,492.25; taxable costs incurred total $9,877.72 and reasonable out-of-pocket expenses total $6,098.22.**

As noted above, a prevailing plaintiff is entitled to fees even if alternate grounds for relief are raised and only some are successful. In *Singer*, plaintiffs sought to recover $5 million in

backpay damages under the FLSA. *Singer*, 324 F.3d at 829. The plaintiffs eventually recovered only $180,000 in damages. *Id*. at 829-30. The Fifth Circuit nonetheless held that the district court was not required to reduce the amount of attorney fees awarded to the plaintiffs. *Id*. at 830. Similarly, in *Black Heritage Society*, a First Amendment case, the plaintiffs challenged Houston's parade ordinances for two separate years, making a number of different legal arguments. *Black Heritage Society*, 2008 WL 2769790, at *8. The plaintiffs secured a temporary restraining order against the enforcement of the ordinance, as well as other relief from the court. *Id*. As a result of the litigation the City amended the ordinance in question twice. *Id*. The plaintiffs were unsuccessful in a large number of other challenges to the ordinance. *Id*. at *9 (listing seven separate unsuccessful challenges by plaintiffs). Even so, the court reduced the fee sought by the plaintiffs by only 25%. The court reasoned:

> When the plaintiff's claims "involve a common core of facts or [are] based on related legal theories," the "lawsuit cannot be viewed as a series of discrete claims," and the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley,* 461 U.S. at 435. However, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.*

*Black Heritage Society*, 2008 WL 2769790 at *6, quoting *Hensley*, 461 U.S. at 435.

Here, in order to successfully claim the executive exemption (29 U.S.C. §213(a)(1)), Austin was required to prevail on both the Plaintiffs' "salary basis" and "primary duties" theories of recovery. The Plaintiffs' success on either theory would defeat the Defendant's entitlement to the exemption and entitle Plaintiffs to full backpay relief. Thus, the Plaintiffs' failure to obtain success on one of these two theories did not prevent them from obtaining full backpay relief when they were successful on the other. And because they were successful in obtaining full

backpay relief, under the FLSA and governing case law noted above, they likewise are entitled to full attorney fees.

However, Plaintiffs realize that a portion of the period for which backpay initially was claimed was lost when the Court granted the Defendant's motion for summary judgment on its statute of limitations defense. As described in Mr. Deats's supporting affidavit, Plaintiffs do not seek attorney fees for time spent defending the City's successful summary judgment motion.

The enclosed affidavit additionally addresses the *Georgia Highway Express* factors relevant to this case, as well as the statutory and case law support for recovery of taxable costs and necessary out-of-pocket expenses.

For these reasons, Plaintiffs respectfully request that the Court award them attorney fees, taxable costs and out-of-pocket expenses in the amounts specified at page 3 above.

## UNOPPOSED FRCivP 58(e) MOTION

In connection with the Plaintiffs' application for attorney fees, and pursuant to FRCivP 58(e), Plaintiffs hereby respectfully request that the Court enter an order delaying the finality of judgment on the merits until the Court rules on the Plaintiffs' motion for attorney fees, so that the motion for attorney fees has "the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." FRCivP 58(e); *Kira, Inc. v. All Star Maint., Inc.*, 294 F. App'x. 139, 141 n.2 (5th Cir. 2008); *Burnley v. City of San Antonio*, 470 F.3d 189, 198 (5th Cir. 2006).

An order under FRCivP 58(e) delaying finality of judgment would promote judicial efficiency because it would allow the parties, should they choose, to appeal the Court's decision on the attorney fees motion at the same time they appeal the judgment on the merits. *Burnley*, 470 F.3d at 198 (citing Advisory Committee Notes). In this case, the following prerequisites for

a Rule 58(e) order are met: (1) a notice of appeal has not been filed and (2) a timely motion for attorneys' fees has been made. *Kira*, 294 F. App'x. at 141 n.2; *Burnley*, 470 F.3d at 198.

The parties have conferred about Plaintiffs' Motion under FRCivP 58(e), and the Defendant does not oppose this Motion.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an order under FRCivP 58(e) delaying the finality of judgment on the merits and that it approve their application for attorney fees and costs.

Respectfully submitted,

DEATS, DURST, OWEN & LEVY, P.L.L.C.

/s/ B. Craig Deats
─────────────────────────

B. Craig Deats
State Bar No.
Manuel Quinto-Pozos
State Bar No. 24070459
1204 San Antonio St., Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 [FAX]

Attorneys for Plaintiffs Mike Benavides, et al.

## CERTIFICATE OF CONFERENCE

This is to certify that, as required by Local Rule CV-7(j), the undersigned counsel conferred with Christopher Coppola, counsel for Defendant City of Austin, on February 20, 2014, regarding the contents of Plaintiffs' motion. Counsel for the parties was unable to reach agreement on the Plaintiffs' motion. Specifically, the parties are unable to agree about the amount of attorney and paralegal time claimed by Plaintiffs.

Defendant's counsel appears to object to some of the time claimed on the basis that it is excessive, that some of it is not recoverable given the Plaintiffs' degree of success, and that time claimed for law clerks is duplicative or unnecessary. At the time of the parties' conference, Defendant's counsel did not expressly object to the hourly rates claimed by Plaintiffs, though he reserved the right to do so. Additionally, Defendant's counsel reserved the right to object to recovery of out-of-pocket expenses.

Defendant's counsel **does not oppose** Plaintiffs' Motion under FRCivP 58(e) delaying the finality of judgment on the merits until the Court rules on the Plaintiffs' motion for attorney fees.

/s/ B. Craig Deats
_____
B. Craig Deats / Manuel Quinto-Pozos

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on counsel for Defendant, Christopher Coppola and Mishell Kneeland, City Attorney's Office, P.O. Box 1546, Austin, Texas 78767-1546; Fax: (512) 974-1311; Email: Christopher.Coppola@austintexas.gov and Mishell.Kneeland@austintexas.gov by ECF notification on this 20th day of February, 2014.

/s/ B. Craig Deats
_____
B. Craig Deats / Manuel Quinto-Pozos