IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MIKE BENAVIDES, VICTORIA BRANNING, WALTER BRANNING, KURTIS BROWN, THOMAS BRYAN, PETE DIDONATO, SUSAN ERWIN, BRYAN FITZPATRICK, CATHERINE GERAC, CAROL PIERCE, COREY RICKETSON, TEMPLE THOMAS, GARY WADHAM, GREGORY WELLER, DANI WINKLER, MICHAEL WRIGHT, GLENN ANDERSON, PAUL ALVAREZ, JANELLE BOONE, MICHAEL BROADWATER, JOHNNIE HALL, ERIC JAKUBAUSKAS, MARK KARONIKA, DAVID LINDSLEY, JASON MARTIN, MARK MONTGOMERY, GLEN WOSKY, MICHAEL WRIGHT, AMELIA ZAPATA, LANDON WILLHOITE, AND EDWARD JOHNS, <br><br> PLAINTIFFS, <br><br> V. <br><br> CITY OF AUSTIN, <br><br> DEFENDANT. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | A-11-CV-438-LY |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' *Opposed* Motion for Attorney Fees and *Unopposed* Motion

for Entry of Order Under FRCP 58(e)[1] (Clerk's Dkt. No. 162), filed February 20, 2014; Defendant's

Response to Plaintiffs' Motion [for] Fees and Costs (Clerk's Dkt. No. 164), filed March 6, 2014; and

---

[1] The unopposed portion of this motion was addressed in the District Court's Order dated February 26, 2014. Only the opposed portion of the motion is before the undersigned Magistrate Judge.

1

Plaintiffs' Reply in Support of Motion for Attorney Fees (Clerk's Dkt. No. 166), filed March 13, 2014. The motion was referred to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rules 54(d)(2)(D) and 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. Having reviewed the briefing and the applicable case law, it respectfully recommended that the motion be **GRANTED IN PART** as set forth more fully below.

## I. BACKGROUND

Plaintiffs filed suit against Defendant the City of Austin ("the City"), alleging that the City misclassified them as exempt under the Fair Labor Standards Act ("FLSA") and failed to pay them overtime compensation for the hours they worked in excess of 40 per week. Following a jury trial on liability in November of 2012, the jury returned a verdict in favor of Plaintiffs and the District Court entered partial judgment on liability on the basis of the jury's verdict. The District Court then conducted a bench trial in November of 2013 on the issue of damages and entered its Findings of Fact and Conclusions of Law. On February 6, 2014, the District Court entered final judgment, awarding Plaintiffs backpay damages and liquidated damages in the amount of 10 percent of the backpay amount. The District Court also awarded Plaintiffs the costs of prosecuting this action and attorney's fees incurred, to be determined post-judgment. Plaintiffs then filed their motion for attorneys' fees, to which the City responded. The motion is now ripe for review.

## II. STANDARD OF REVIEW

An employer who is found to have violated the FLSA is also liable for attorney's fees and costs. 29 U.S.C. § 216(b). Courts in the Fifth Circuit apply the lodestar method to calculate attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by

2

multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is defined by the market rate in the community. *Id.* (citing *Smith & Fuller*, 685 F.3d at 490). Plaintiffs seeking attorney's fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. *Id.* (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). The lodestar amount is entitled to a strong presumption of reasonableness. *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

After calculating the lodestar amount, the district court may adjust the amount of attorney's fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 502 n.7 (citing *Johnson*, 488 F.2d at 717–19). The lodestar amount may not be adjusted at this stage for a *Johnson* factor that was already taken into account during the initial calculation of the lodestar amount. *Id.* (citing *Perdue*, 559 U.S. at 552).

## III. ANALYSIS

### A. Lodestar Method

The undersigned turns first to determining the appropriate hourly rate. Plaintiffs seek an hourly rate of $375 for partners, $225 for associates, and $100 for paralegals and law clerks. In support of these amounts, Plaintiffs offer a 2013 report from *Texas Lawyer*, which sets forth the median hourly rates charged in Texas in 2013. According to the report, the median hourly rate for equity partners across Texas was $388, while in the Austin/San Antonio area the median rate was $353. The City argues that the partner hourly rate should be reduced to $350 because that figure more accurately reflects the Austin market. Based on the *Texas Lawyer* report, the representation of Plaintiffs' counsel that the firm typically bills partners at an hourly rate of between $350 and $375, and the City's objection, the Court concludes that a reasonable hourly rate for partner time in this matter is $353.

The City does not contest Plaintiffs' proposed $225 hourly rate for associate work. According to the *Texas Lawyer* report, first-year associates' median hourly rate in 2013 was $200 both across Texas and in the Austin/San Antonio area. Fourth-year associates' median hourly rate Texas-wide was $260, while in the Austin/San Antonio area, the median hourly rate was $245. The two associates that worked on this case were above the level of fourth-year associates, but Plaintiffs proposed a rate that is between the median rates for first-year and fourth-year associates. The court therefore concludes that this rate is reasonable.

The City also does not contest Plaintiffs' proposed hourly rate of $100 for work done by paralegals and law clerks, although, as discussed below, the City does challenge being charged for many of these hours. The *Texas Lawyer* report states the median hourly rate for senior legal assistants as $146 across Texas and $150 in the Austin/San Antonio area. Plaintiffs state that the

paralegal working on this case has worked in labor and employment law for over five years and that all law clerks were second or third year students at the University of Texas School of law. The $100 rate Plaintiffs seek thus appears reasonable. In sum, the hourly rates to be applied under the lodestar method are $353 for partners, $225 for associates, and $100 for paralegals and law clerks.

The Court next turns to examining the number of hours Plaintiffs' counsel spent on the case. In support of their motion, Plaintiffs attached a time log detailing the hours Plaintiffs' counsel recorded in their representation of Plaintiffs, a declaration from lead counsel B. Craig Deats, and various other exhibits. Plaintiffs represent that, in calculating their proposed lodestar figure, the hours in the time logs were reduced to reflect the amount of time spent unsuccessfully defending the City's motion for summary judgment on its statute of limitations defense. The hours were further reduced for time that was erroneously recorded when that time was actually spent on unrelated matters.

The City objects to the hours in a number of respects. First, the City argues that a 20 percent reduction in the number of partner hours is appropriate because the time logs demonstrate duplicative billing, entries for work that did not contribute to success at trial, and excessive entries for simple review of co-counsel's work. The City also requests a 20 percent reduction in the number of associate hours to account for time spent working on unsuccessful issues, duplicative time spent in conferences to discuss information both attorneys obtained through dual attendance at proceedings in this matter, and time spent working on basic concepts with which Plaintiffs' counsel should have prior familiarity. The City also objects to billing for any paralegal work that was clerical in nature and objects to billing for law clerk work in its entirety.

With respect to the 20 percent reductions, Plaintiffs respond that those entries that appear duplicative were incurred in parallel cases prior to their consolidation into this action, and then

5

divided in half. Plaintiffs further explain that partner review of work was intended to reduce fees by shifting certain tasks to an associate, paralegal, or law clerk for later partner review. Plaintiffs also point to numerous decisions intended to eliminate unnecessary hourly expenses, such as agreeing to depose a small group of sample plaintiffs, to consolidate two parallel cases, to bifurcate the trial into liability and damages stages, and to confer with the City and accept the City's calculation on damages. Plaintiffs also argue that litigation expenses were increased because the City sought additional depositions beyond those to which the parties originally agreed, and further points out that the City also brought two attorneys to proceedings in this matter starting in October 2012.

Plaintiffs also argue that further separation of hours into successful and unsuccessful work would be difficult and speculative. "Where time spent on successful issues is difficult to segregate, no reduction of fees is required." *Abell v. Potomac Ins. Co.*, 946 F.2d 1160, 1169 (5th Cir. 1991) (citations omitted); *see also Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 528 (5 h Cir. 2001) ("A court need not segregate fees where the facts and issues are so closely interwoven."). Finally, Plaintiffs argue that the work performed was reasonable at the time it was done. The undersigned concludes that Plaintiffs' counsel exercised reasonable billing judgment with respect to the number of hours expended by partners and associates in this matter. The lodestar figure should be calculated based on 461.50 hours partner time and 784.83 hours associate time.

As to the City's argument regarding paralegal work, the City is correct that paralegal work can only be recovered as attorney's fees if the work is legal, as opposed to clerical, in nature. *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). The City objects to numerous time entries for trial preparation, reviewing courthouse audiovisual equipment, and attending the jury debriefing. Plaintiffs do not address the City's objections to paralegal time in their reply. Although the

undersigned disagrees that jury debriefing is not legal in nature, the undersigned does agree that the entries marked "Trial preparation (exhibits)," "Attend meeting at courthouse to run through exhibit presentation/audiovisual equipment," and "Finalize exhibits; prepare hearing notebooks" appear to be only clerical in nature and therefore should not include them in the lodestar calculation. Clerk's Dkt. No. 162-1 at 12–13. The lodestar amount will be calculated based on 52.9 hours of paralegal time.[2]

The City argues that Plaintiffs' request for law clerk fees should be denied because the time entries reflect vague notations for research and writing on basic issues of federal procedure and the FLSA. Given Plaintiffs' counsel's experience and familiarity with the law, the City contends these hours are not reasonable. Plaintiffs explain that having law clerks work on certain issues in this case was an attempt to reduce fees by shifting tasks to employees with lower hourly rates. The undersigned concludes that Plaintiffs' counsel exercised reasonable billing judgment with respect to law clerk time and will calculate the lodestar amount to include 50.9 hours of law clerk time.

The lodestar calculation is $349,876.25. This figure represents 461.5 hours of partner time, billed at $353/hour, for a total of $162,909.50; 784.83 hours of associate time, billed at $225/hour, for a total of $176,586.75; 52.9 hours of paralegal time, billed at $100/hour, for a total of $5,290; and 50.9 hours of law clerk time, billed at $100/hour, for a total of $5,090.

### B. *Johnson* Factors

Having determined the lodestar amount, the undersigned next turns to determining whether that amount should be adjusted based on the factors set forth in *Johnson*. As stated above, these factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the

---

[2] In reaching this number, the undersigned subtracted from the 67.53 total hours listed for "AT" the time entries for November 2, 2012, November 3, 2012, and November 4, 2012, as well as November 14, 2013, and November 20, 2013. *See* Clerk's Dkt. No. 162-1 at 12–13.

7

skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Plaintiffs contend that several of these factors weigh in favor of adjusting the fees award upward. As to the first factor, Plaintiffs characterize this litigation as time-consuming and laborious. At the time of trial, 29 Plaintiffs were before the court, with a recovery period extending back to 2009, involving extensive records. The City propounded written discovery on each of the Plaintiffs and conducted depositions of nine Plaintiffs. The City pursued three FLSA exemptions as defenses against Plaintiffs' claims. Regarding the second factor, novelty and difficulty of issues, Plaintiffs contend that the case presented novel and difficult issues of FLSA law, specifically the applicability of the first responder regulation. Plaintiffs further argue that the third factor merits an upward adjustment because high skill is required to properly pursue the claims Plaintiffs brought. According to Plaintiffs, the FLSA statute and its accompanying regulations and guidance are complex and confusing. Finally, with regard to the fourth factor, Plaintiffs maintain that counsel was precluded from pursuing representation of other clients as a result of the time required to prosecute this case.[3]

The City's argument for a downward adjustment centers on the eighth factor: the amount involved and results obtained. The City contends that by prevailing on the issue of willfulness and

---

[3] "The lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted). Accordingly, the Court does not consider the following factors: (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; and (9) the experience, reputation, and ability of the attorneys.

on its good faith defense, it was able to win a large reduction in Plaintiffs' damages award, both in terms of back pay and liquidated damages. According to the City, Plaintiffs could have received up to $3 million in damages, but received only $1.19 million. The City argues that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained, and that partial or limited success warrants a reduction of the lodestar amount. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

"[W]hile a low damages award is one factor which a district court may consider in setting the amount of attorney's fees, this factor alone should not lead the district court to reduce a fee award." *Singer v. City of Waco*, 324 F.3d 813, 830 (5th Cir. 2003) (citation and internal quotation marks omitted); *see also Black*, 732 F.3d at 503 ("[W]hile the district court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce [Plaintiff's] attorney's fee award solely on the basis of the amount of damages obtained."). Thus while it may be true that Plaintiffs experienced only partial or limited success, this factor alone does not warrant a downward departure from the lodestar amount. The City points to no other factors in support of its argument that the fee amount should be reduced.

The Court agrees that the first four *Johnson* factors favor an upward adjustment and the eighth factor favors a downward adjustment. As a result, no alteration in the lodestar amount is warranted. Plaintiffs should recover $349,876.25 in attorney's fees.

**C.     Costs**

A court may also award costs to the prevailing party in an FLSA action as set forth in 28 U.S.C. § 1920. Under that section, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees of the court reporter obtained for use in the case, (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use

in the case; (5) docket fees; and (6) fees for court-appointed experts, interpreters, and special interpretation services. *Id.* "The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Plaintiffs seek $9,877.72 in costs and $$6,098.22 in out-of-pocket expenses. In support of these amounts, Plaintiffs attached a summary sheet of taxable costs and an expense report related to this representation. *See* Clerk's Dkt. No. 162-1 at 86–93.

The City objects to the request for costs in several respects. First, as the City correctly points out, postage is not a recoverable cost under the statute. *See* 28 U.S.C. § 1920. Thus those costs should be excluded from the award. Next, the City objects to the filing fees associated with a motion to withdraw and a motion to nonsuit because they reflect unsuccessful claims.[4] These costs should also be excluded. The City further argues that deposition costs for two Plaintiffs dismissed at summary judgment are not taxable costs. The undersigned agrees. Plaintiffs have listed the deposition costs for these two Plaintiffs together with the deposition costs for four other Plaintiffs. *See* Clerk's Dkt. No. 162-1 at 90. Since two of the six listed Plaintiffs were dismissed at summary judgment, the undersigned reduces the taxable deposition fees amount by one-third, to $875.43.[5]

Finally, the City objects to being taxed for out-of-pocket expenses for parking, meals, and computerized research because these expenses are not specifically enumerated in the statute. In response, Plaintiffs direct the Court to *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696 (E.D. La. 2009), but that case is inapposite. In *Johnson*, the court acknowledged that the Fifth Circuit has not yet ruled on whether the FLSA allows attorneys to recover out-of-pocket expenses and limited

---

[4] These filing fees were assessed in state court before this action was removed to federal court.

[5] The amount listed for all six Plaintiffs is $1313.15.

the plaintiffs to those costs specifically authorized under statute. *Id.* at 709–10. Parking, meals, and computerized research are not included in the taxable costs set forth in Section 1920, and therefore should not be included in the fee award.

The remaining items Plaintiffs seek as costs were necessarily obtained for use in this case. Having excluded and reduced certain amounts that are not recoverable under the statute, the undersigned finds that the taxable costs amount should be $9,350.65.[6]

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for attorneys fees be **GRANTED**. It is **FURTHER RECOMMENDED** that Plaintiffs be awarded $349,876.25 in attorney's fees and $9,350.65 in costs.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[6]This number was calculated by taking the total award requested, $15,975.94 and subtracting amounts for postage, the two filing fees, one-third of the deposition costs as described above, parking, meals, and computerized research.

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass*, 79 F.3d at 1428–29.

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on March 31, 2014.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE